UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at LONDON

Civil Action No. 17-291

**BRENDA K. SMITH**
on behalf of **JOEY SMITH**,                                                              PLAINTIFF,

v.                      **MEMORANDUM OPINION AND ORDER**

**NANCY A. BERRYHILL,**
**ACTING COMMISSIONER OF SOCIAL SECURITY,**                  DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Joey Smith filed the an application for disability insurance benefits on November 3, 2014, alleging disability beginning on July 1, 2012, due to due to neck and lower back pain; arm and shoulder problems; bilateral knee pain; chronic headaches; scrotal varices; depression and anxiety; and neuropathy in the feet. (Tr. 66). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Jonathon Leiner (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Jo Ann Bullard, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Mr. Smith was not disabled. The ALJ found that he met the insured status requirements through December 31, 2017. He has a high school education. His past relevant work experience consists of work as a coal miner, roof bolter and mine supervisor.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from knee and right shoulder disorders, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Mr. Smith's impairments did not meet or medically equal

2

any of the listed impairments.

The ALJ further found that Mr. Smith could not return to his past relevant work but determined that he had the residual functional capacity ("RFC") to perform a range of medium level work, with postural and manipulative limitations, as set forth in the hearing decision.

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE .

Accordingly, the ALJ found Mr. Smith not to be disabled at Step 5 of the sequential evaluation process. Shortly thereafter, Mr. Smith passed away. His widow, Brenda Smith was designated as the substituted party.

The Appeals Council denied her request for review and adopted the ALJ's decision as the final decision of the Commissioner. Thereafter she filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may

3

not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.     Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ erred in evaluating the severity of Mr. Smith's impairments; (2) erred in evaluating Mr. Smith's subjective complaints and credibility and (3) the ALJ improperly evaluated the medical opinions of record.

**C.     Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ erred in evaluating the severity of Mr. Smith's impairments. Specifically, she maintains that the ALJ should have deemed his back pain, neck pain and hernia to be "severe" at Step 2 of the sequential process.

The Court is mindful of the fact that the Step 2 severity regulation, codified at 20 C.F.R. §§ 404.1520 and 404.1521, has been construed as a *de minimus* hurdle and that, in the majority of cases, "a claim for disability may not be dismissed without consideration of the claimant's vocational situation". *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988).

Yet, in this instance Any omission by the ALJ would be legally irrelevant because the ALJ did not deny benefits at this step, but instead continued through the sequential evaluation process and considered Plaintiff's severe and non-severe impairments at later steps. Indeed, the

4

ALJ explicitly considered Plaintiff's neck pain, back pain, and hernia within his consideration of Plaintiff's RFC (*see* Tr. 25 ("The claimant complained in November 2014 of neck and back pain."), 25 ("The claimant complained of a five to six-year history of neck, shoulder, and back pains."), 26-27 ("He put forth unpersuasive and unsubstantiated testimony that his prior hernia pain has returned after the surgical repair of his hernia.")). The exclusion of an impairment at Step 2 is harmless error if the ALJ finds, as he did here, that other impairments are severe. *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

Plaintiff's second claim of error is that erred in evaluating Mr. Smith's subjective complaints and credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).

Mr. Smith testified at length regarding his various health problems and the impact these conditions have had on his activities of daily living. Mr. Smith testified he believed his most serious impairment to be his right shoulder. He further indicated experiencing pain in his shoulder every day with varying levels of intensity. (Tr. 39-40) Although he was not prescribed any medications for pain at the time of his hearing, he did utilize over-the-counter Aleve on a daily basis which provided some relief. (Tr. 41) Mr. Smith noted that despite having surgery and subsequent physical therapy for his shoulder, the pain was in fact worse now than before. (Tr. 42)

5

Mr. Smith testified he continues to have significant limitations using his right arm and was limited to lifting a gallon of milk with the right. (Tr. 44). Overall, he believed himself capable of lifting 20 pounds maximum with both arms. (Tr. 44-45). Mr. Smith further testified that due to the pain in his lower back and legs he is capable of standing for only five to ten minutes at one time (Tr. 47); sitting for ten to fifteen minutes at a time (Tr. 48); and was further limited in terms of bending, squatting, and stooping. (Tr. 49). He spoke of issues concerning his neck and hands. He indicated having problems using his hands and had been told by one of his healthcare providers these issues were due to neck pain. (Tr. 52). He elaborated having difficulties with grasping and that he occasionally drops things with the right hand. (Tr. 53). He further stated experiencing headaches several times a week, also attributable to his neck condition (Tr. 54). Mr. Smith testified to experiencing difficulties with a hernia for at least two years before undergoing surgery. (Tr. 53). However, he explained that despite undergoing hernia repair, he was continuing to experience significant pain and was in the process of scheduling an appointment to follow up on this. (Tr. 54).

The ALJ found that Mr. Smith's allegations of disabling pain were not consistent with the evidence in the record and do not pass *Duncan* muster. The ALJ discussed, for example, November 2014 examination findings of normal spinal curvature, no spinal tenderness, and full neck range of motion (Tr. 25; *see* Tr. 298); Dr. Kari Wilson's December 2014 examination findings of "consistently negative [normal] objective findings," including normal posture, gait, strength, grip strength, gross manipulation, heel walking, toe walking, squatting, sensation, neck range of motion, and lower back range of motion (Tr. 26; *see* Tr. 273-74, 277-78); and his treating physician, Dr. Ronald Belhasen's August 2015 examination findings of full flexion and

6

abduction and normal strength in Plaintiff's right shoulder after his surgery (Tr. 25; *see* Tr. 423).

Further detracting from Mr. Smith's credibility is the evidence of the effectiveness of treatment. The ALJ recognized that, after Plaintiff's April 2015 right shoulder surgery, he improved dramatically (Tr. 25-26). As the ALJ noted, Dr. Belhasen observed in August 2015 that Plaintiff had notable improvement in his range of motion and strength with only some stiffness on internal rotation (Tr. 25; *see* Tr. 422-23). Indeed, the ALJ recognized the efficacy of Plaintiff's physical therapy, to -wit, he did not receive any physical therapy after July 2015, and Dr. Belhasen released him to full duty work status and told him to simply follow up as needed (Tr. 25; *see* Tr. 404, 423).

The ALJ also found Plaintiff's reportedly disabling symptoms inconsistent with evidence that he reported much less severe symptoms to his medical providers (Tr. 26). While he claimed to be extremely limited by pain, he reported only "mild" pain in June 2015 and only stiffness—no pain—in August 2015 (Tr. 26; *see* Tr. 422, 424). The ALJ questioned Plaintiff's claimed recurrent hernia pain, noting that his testimony that his prior hernia pain had returned after the surgical repair was unsubstantiated (Tr. 26). The record contains no medical treatment records suggesting that Plaintiff complained of (or sought treatment for) hernia pain after telling his physician in July 2015 that he had no pain and no new complaints (Tr. 26-27; *see* Tr. 410). Nor does it appear that Plaintiff complained of (or sought treatment for) shoulder pain after telling Dr. Belhasen in August 2015 that he had no pain, only stiffness (Tr. 422-23).

Further weighing against Plaintiff's claims of debilitating pain was the fact that he took only over-the-counter pain relievers, not prescription pain relievers (Tr. 26; *see* Tr. 40-41).

7

Conflicting evidence, effectiveness of treatment and whether the treatment is conservative in nature are factors properly considering when evaluating a claimant's credibility. *See* 20 C.F.R. § 404.1529(c)(4) (ALJ considers whether there are conflicts between a claimant's statements and the rest of the evidence when evaluating symptoms) and 20 C.F.R. § 404.1529(c)(3)(iv)-(v) (ALJ considers the type and effectiveness of treatment when evaluating symptoms). . *See also, Villarreal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987) (ALJ reasonably relied on Plaintiff's "conservative treatment" in assessing his symptoms).

The Court finds no error in the ALJ's evaluation of Mr. Smith's credibility.

Finally, Plaintiff contends that the ALJ improperly evaluated the medical opinions of record.

When evaluating medical opinions, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the doctor treated the claimant, the evidence the doctor presents to support his or her opinion, whether the doctor's opinion is consistent with the record as a whole, and the doctor's specialty. 20 C.F.R. § 416.9279( c). Generally, a treating physician's opinion is entitled to more weight and an ALJ must give good reasons for discounting the opinion. 20 C.F.R. §§ 416.902, 416.927(c)(2); *See also, Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). An examining or consultative physician's opinion, however, is not entitled to any special deference or consideration. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). Moreover, an ALJ may discount a physician's opinion, treating or otherwise, when the physician does not provide objective medical evidence to support his or her opinion or if the doctor's opinion is inconsistent with the record as a whole. 20 C.F.R. § 416.927( c). In addition, although a

physician's opinion about what a claimant can still do or the claimant's restrictions may be relevant evidence, such opinions are not determinative because the ALJ has the responsibility of assessing the claimant's RFC. 20 C.F.R. §§ 416.912(b)(2), 416.913(b)(6), 416.927(d)(2), 416.945(a)(3), 416.946( c).

There are two opinions in the record, both by state agency physicians. The first is the opinion of Dr. Wilson, who examined Mr. Smith in December 2014. She observed that Plaintiff had normal posture and gait and had no difficulty getting on and off the examination table (Tr. 273). He had full (5/5) strength throughout and normal sensation (Tr. 274, 278). He could squat, heel- and toe-walk, and walk with a tandem gait (Tr. 274). He had reduced range of motion in his right shoulder, but normal range of motion in his neck and lower back and normal gross manipulation and grip strength (Tr. 274, 275, 277, 278). Dr. Wilson opined that Plaintiff had an unlimited ability to sit, stand, and move about, but that he "would have difficulty performing activities involving lifting and carrying, and handling objects" (Tr. 274-75).

The other opinion before the ALJ was that of State agency medical consultant Donna Sadler, M.D., who reviewed the record in May 2015 to evaluate Plaintiff's functional abilities (Tr. 92-95). She opined that Plaintiff had functional abilities consistent with a range of medium work, but with several postural and environmental limitations (Tr. 92-95).

The ALJ discussed both opinions in the hearing decision. He gave limited weight to Dr. Wilson's opinion that Mr. Smith "would have difficulty performing activities involving lifting and carrying, and handling objects" because he regarded it as "merely a vague comment rather than a function-by-function assessment of [Plaintiff's] abilities" (Tr. 27; *see* Tr. 274-75). The Court agrees; it is unclear what exertional level would be consistent with "difficulty" lifting,

9

carrying, and handling objects.

The ALJ also noted that Dr. Wilson "expressed her opinion prior to [Plaintiff's] apparently successful right shoulder surgery" (Tr. 27). Dr. Wilson examined Plaintiff in December 2014 (Tr. 272-78). At her examination, the only abnormal findings Dr. Wilson recorded were related to Plaintiff's right shoulder: decreased right shoulder flexion and abduction (Tr. 273-74, 277-78). Given the lack of other abnormal findings, the ALJ apparently inferred that Dr. Wilson's opinion was premised on Plaintiff's right shoulder condition (*see* Tr. 26, 27). Plaintiff had right shoulder surgery in April 2015, four months after Dr. Wilson's one-time examination (Tr. 379). As the ALJ discussed in his decision, Plaintiff's right shoulder condition improved dramatically after surgery and physical therapy (Tr. 25-26). The ALJ reasonably found that this later evidence in effect rendered Dr. Wilson's opinion out-of-date. The vague and stale nature of Dr. Wilson's opinion undermine its value. The Court finds no error in this regard.

The ALJ instead relied on the opinion of State agency physician Dr. Sadler, who reviewed the medical records six months after Dr. Wilson's examination. (Tr. 27; *see* Tr. 92-95). The ALJ found her opinion to be consistent with record. 20 C.F.R. § 404.1527(c)(4). Generally, more weight is given to opinions that are "more consistent ... with the record as a whole."

Plaintiff argues that the ALJ did not reconcile the fact that Dr. Sadler gave great weight Dr. Wilson's opinion. Yet, Dr. Sadler explicitly stated that Dr. Wilson's opinion was "reflected in the assessment" that Mr. Smith could perform a range of medium work which the ALJ then incorporated into Plaintiff's RFC. Plaintiff's argument is without merit.

## III. CONCLUSION

"The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted). In conducting a review, this Court will not try the case *de novo*. Instead, we consider the ALJ's decision determinative if there is such relevant evidence as a reasonable mind might accept as sufficient to support the ALJ's conclusion. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citations and internal quotation marks omitted).

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 23rd day of July, 2018.

Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge